```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**RICHARD L. KIGER,**

                **Plaintiff,**

       v.                         CASE NO.  07-3124-SAC

**RICK FLEMING,**
**et al.,**

                **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

    This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). Plaintiff has paid the filing fee.

    Mr. Kiger names as defendants Rick Fleming, in his capacity as Assistant Attorney General for the State of Kansas and Special Prosecutor for the Kansas Securities Exchange Commission; Scott Schultz, acting in his individual capacity and official capacity as the attorney for the Securities Exchange Commission of Kansas (KSEC); John Runnberg, an investigator for the KSEC; Chris Biggs, KSEC Commissioner; B. Venneman, State's attorney; T. Baird Steve Obermeier, and Steve Howe, Johnson County Assistant District Attorneys; and Sara Steging, Johnson County "Pre sentence Investigator." Plaintiff states that all but the last defendant, Ms. Steging, were acting under color of state law.

    As the factual background for his complaint, Mr. Kiger alleges that on February 25, 2003, he called the KSEC and gave information to defendant Runnberg regarding a business venture involving investors in Kansas, Nevada, and three other states. He further alleges that defendant Runnberg gave the information to Nevada

authorities who initiated criminal proceedings against Mr. Kiger. On May 1, 2003, he was questioned about the information in Kansas by Nevada authorities and served with notice to appear before a grand jury in Nevada. He was convicted in Nevada on August 16, 2004. He was arrested in Kansas on August 19, 2004, on what he alleges was the "exact same offense" based on the same evidence. Mr. Kiger further alleges that the crimes started in Kansas before the incident in Nevada and continued in Kansas afterward, and argues that Kansas had authority to prosecute but "maliciously relinquished jurisdiction" to the State of Nevada "for the sole purpose of creating a criminal history point" prior to prosecution in Kansas. He also claims that exculpatory evidence relevant to sentencing was withheld from his defense attorney and the sentencing court, and as a result he was subjected to an illegal sentence and a violation of due process.

As count 1 of his complaint, Mr. Kiger claims defendant Kansas authorities subjected him to "malicious prosecution" and double jeopardy. In support he complains that defendant Runnberg and the State of Kansas "relinquished jurisdiction to prosecute him to the State of Nevada."

As count 2, he claims abuse of process and that defendant prosecuting attorneys committed fraud on the court. In support he alleges that the prosecuting attorneys stated in the arrest warrant and first order of restitution that there was a loss to one victim in one count in excess of $25,000; when there was no loss to this victim. He claims this knowing misrepresentation to the sentencing court resulted in his receiving a 29-month term of imprisonment for a "non-imprisonment sanctioned conviction." Plaintiff thus claims

2

his sentence is illegal and he has been confined illegally in violation of his federal Constitutional rights.

As count 3, plaintiff alleges he was subjected to "negligent infliction of emotional distress" by defendants' negligent and fraudulent conduct during the sentencing phase of his criminal case.

Mr. Kiger asserts he is entitled to be re-sentenced; and to an award of punitive damages in the amount of $62,000 "to cover the cost of the malicious prosecution in Nevada" and for wages lost due to his incarceration on a "non prison sanctioned conviction."

**SCREENING**

Because Mr. Kiger is a prisoner, the court is required by statute to screen his complaint[1] and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed.

**CLAIMS PREMATURE UNDER HECK**

In order to recover damages, declaratory or injunctive relief in a § 1983 action based upon an allegedly unconstitutional conviction or sentence, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

---

[1] A letter has been received from Mr. Kiger in which he asks questions regarding his case. The court responds: no attorney has entered an appearance for defendants, once cases are screened they are assigned randomly for trial; the time this action will take depends on many variables including the number of other pending cases, the Federal Rules of Civil Procedure provide for amendments and supplements to the complaint.

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). When faced with such a complaint,

> the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 487(damages); Edwards v. Balisok, 520 U.S. 641, 648 (1997)(declaratory relief); see also Beck v. Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). It is apparent from Mr. Kiger's allegations that success on the merits of his claims would necessarily imply the invalidity of his state court convictions or sentence. It is also apparent that his convictions and sentence have not been overturned. It follows that to the extent, Mr. Kiger seeks monetary damages, his claims are premature under Heck[2].

---

[2]

The court notes, but does not decide, that it appears from the face of the complaint most, if not all, defendants may be immune to suit for money damages. Suits against state officials in their official capacity are generally barred, as tantamount to suits directly against the State, because in either instance, money damages would be paid out of the State treasury. State and county prosecutors may be sued for money damages in their individual capacities, but are entitled to absolute immunity when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) cert. denied, 513 U.S. 1183 (1995). As Judge Robinson explained in Coburn v. Nordeen, 206 F.Supp.2d 1119 (D. Kan 2002), aff'd, 72 Fed.Appx. 744 (10th Cir. 2003):

> So long as the prosecutor is performing functions "associated with the judicial phase of the criminal process," he or she is protected from suits for civil damages. To ensure ". . . the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system," This absolute immunity covers such actions as initiating, building or prosecuting a criminal case. This immunity extends to civil rights litigation brought under 42 U.S.C. § 1983; and this immunity applies even when there is evidence of improper motivation or malice. (All citations omitted).

Id. at 1122-23. Moreover, in Briscoe v. LaHue, 460 U.S. 325 (1983), the Supreme Court held that witnesses enjoy absolute immunity from civil liability under Section 1983 for their testimony in a

**HABEAS CORPUS CLAIMS**

To the extent Mr. Kiger seeks to challenge his sentence or conviction, his exclusive remedy is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254.  See Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).  Furthermore, 28 U.S.C. 2254(b)(1) mandates that state court remedies be fully exhausted before a federal petition may be considered:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

Petitioner was fully informed of the statutory prerequisite of exhaustion of state court remedies in a habeas corpus action filed by him.  Kiger v. Morrison, Case No. 07-3077-SAC (D.Kan. May 24, 2007).  His habeas claims were found to be unexhausted in his habeas corpus action.

Plaintiff shall be given time to show cause why his Section 1983 claims should not be dismissed as premature under Heck.  If he fails to respond within the allotted time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed as premature under Heck.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2007, at Topeka, Kansas.

---

criminal trial.

s/Sam A. Crow<br>
U. S. Senior District Judge

6