IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RICHARD L. KIGER,

                Plaintiff,

      v.                      CASE NO.  07-3124-SAC

RICK FLEMING,
et al.,

                Defendants.

### O R D E R

This civil rights complaint was filed, and the filing fee paid, by a Kansas prison inmate.  On May 25, 2007, the court entered a Memorandum and Order finding the complaint subject to being dismissed upon screening, and giving plaintiff time to show cause why it should not be dismissed.  Having considered plaintiff's Response and all materials filed, the court finds plaintiff has not shown good cause, and this action should be dismissed for the reasons stated in the court's Memorandum and Order dated May 25, 2007.

As Mr. Kiger was informed, he may not sue for money damages based upon claims, which if decided in his favor would call into question the validity of his convictions and sentence,[1] unless and until he first persuades the appropriate court to overturn his

---

[1] Plaintiff's allegations of a Brady violation, double jeopardy, that the trial court lacked jurisdiction, that the prosecution presented false information at sentencing, denial of due process, and illegal confinement are clearly claims which go to the validity of his convictions and sentence.

convictions and sentence. Since he presents no proof that his convictions and sentence have been invalidated, his claims are premature under Heck, as more fully discussed in the court's prior Order.

Mr. Kiger was also informed that to the extent he seeks to challenge his state sentence or convictions, his exclusive remedy is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254, and that state court remedies must be fully exhausted before a federal petition may be considered. Plaintiff's habeas claims have previously been found to be unexhausted[2], and he makes no showing of full exhaustion on all claims[3] in this action.

Plaintiff is wise to be concerned about the statute of limitations for filing a federal habeas corpus petition. He should fully and completely exhaust his state court remedies on all his claims, and file a federal habeas corpus petition without delay once state remedies are exhausted. The court has no information with regard to how much of the statute of limitations has already expired with respect to Mr. Kiger's habeas corpus claims.

**IT IS THEREFORE ORDERED** that this action is dismissed,

---

[2] As plaintiff has previously been informed, in order to litigate his habeas corpus claims in federal court he must file a habeas corpus petition on forms provided by the court and show full and orderly exhaustion of state court remedies on each of his claims.

[3] Petitioner has sent correspondence generally alleging he submitted issues to the Kansas Supreme Court and needs his day in court. In order to obtain his day in federal court on these particular claims, Mr. Kiger must exhaust all available state court remedies in an orderly fashion on each and every claim he seeks to raise in federal court, and then must file a Section 2254 petition on forms provided by the court, which shows exhaustion.

without prejudice, as premature under Heck.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge